**E-FILED on** 02/13/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BARBARA LEWIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOMEQ SERVICING, US BANK NATIONAL ASSOCIATION, T.D. SERVICE COMPANY, FIRST RATE FINANCIAL and all persons unknown claiming any legal or equitable right, title, estate lien, or interest in property described in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title thereto, DOES 1-100,<br><br>　　　　Defendants. | No. C-08-05516 RMW<br><br>ORDER DENYING EXTENSION AND GRANTING MOTION TO DISMISS<br><br>[Re Docket No. 4, 12] |

　　Defendant Homeq Servicing ("Homeq") moves to dismiss plaintiff Barbara Lewis's ("Lewis") claim for declaration of rights, unfair business practices, and negligence. Plaintiff filed no written opposition to the motion until after the hearing, when plaintiff's counsel filed an affidavit stating that the motion was never received. Homeq responded to the affidavit, and plaintiff replied. On February 12, 2009, plaintiff filed a motion for extension of time to oppose the motion to dismiss. For the reasons stated below, the court denies the extension and grants the motion to dismiss.

## I. BACKGROUND

At the motion-to-dismiss stage, the court must accept the facts as pled in the complaint as true. *Marceau v. Blackfeet Housing Authority*, 540 F.3d 916, 930 (9th Cir. 2008). But Lewis's complaint provides little assistance in discerning what transpired between the parties, and exactly what conduct Lewis complains of.

It is clear that Lewis is the owner of the real property at 1525 Luzern St., Seaside CA 93955 ("the property"). First Amended Complaint ¶ 1. On December 22, 2006, she obtained a mortgage loan from EquiFirst Corporation ("EquiFirst") with a deed of trust that gave EquiFirst a security interest in the property. Def.'s Mot. to Dismiss 1. Around June 11, 2008, a notice of default was filed and recorded on the property. Complaint ¶ 7. On October 30, 2008, plaintiff filed this lawsuit in Monterey County Superior Court, seeking declaratory relief and money damages. Complaint 8-9. Based on plaintiffs claimed for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and other unenumerated violations of federal law, defendants removed the suit to this court on December 8, 2008. Notice of Removal ¶ 7.

## II. ANALYSIS

To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Lazy Y Ranch Ltd v. Behrens*, 456 F.3d 580, 588 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Furthermore, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 755-56 (9th Cir. 1994).

**A.     Cause of Action for "Declaration of Rights After Invalid Notice of Default"**

Plaintiffs first cause of action apparently seeks to have the notice of default on her property declared invalid. Complaint 2. The complaint first contends that the recording of the notice "contravened the terms" of a pre-existing agreement. *Id.* at ¶ 7. Plaintiff does not describe the agreement's parties, terms, or the manner in which it was contravened. Nor, indeed, does the complaint detail how such an agreement dont renders the recording unlawful.

ORDER DENYING EXTENSION AND GRANTING MOTION TO DISMISS —No. C-08-05516 RMW
JAS                                                            2

The complaint then proceeds to allege that the recording was unlawful because of unfair business practices that, apparently, led the plaintiff to default on the mortgage. *Id.* at ¶ 9. Lewis's contention, it seems, is that she was "induced . . . to agree to loan mitigation or loan forbearance terms," and denied repeated requests to refinance her property. Those actions, she contends, constitute unfair business practices under California law. See Complaint ¶¶ 9-18. The complaint is rife with allegations that defendants' conduct violated the law, but offers almost no detail as to what exactly that conduct was. These allegations do not satisfy the baseline requirements of *Conley* and *Twombly*, much less the heightened fraud-pleading standard in Rule 9(b) where it applies.

### B.  Negligence and Unfair Business Practices

Lewis's second cause of action alleges that First Rate Financial, which apparently provides loan negotiation services, advised Lewis to begin defaulting on the loan in order to "create a bargaining position with lenders" and without "providing any sufficient warning or explanation of the consequences of defaulting payments." Complaint ¶¶ 24-25. This practice, the complaint states, is negligent, misleading, and an unfair business practice. *Id.* This claim singles out First Rate Financial's conduct, and does not appear to apply to any other defendant. See Complaint ¶¶ 21-27. It is therefore subject to dismissal as to Homeq.

### C.  Dismissal

Though plaintiff's counsel may not have received notice of the motion to dismiss, the court finds that, for the reasons stated above, the complaint fails to give the defendant the required "fair notice of what the claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. Dismissal is therefore appropriate. In amending the complaint, plaintiff is first reminded that her complaint must allege facts, not legal conclusions, showing an entitlement to relief. And second, that Rule 8 requires a *plain* statement; the complaint is unnecessarily convoluted at times, and difficult to parse as a result.

Finally, plaintiff has raised the argument that this case was improperly removed. Plaintiff may so argue in a properly noticed motion under Local Rule 7-2.

### III. ORDER

For the reasons stated above, defendants motion to dismiss is granted as to all claims against Homeq. Plaintiff shall have 20 days leave to amend from the date of this order.

DATED: 02/13/09

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

William B. Look , Jr.          look_mtr@sbcglobal.net

**Counsel for Defendants:**

Eric D. Houser                 ehouser@houser-law.com
Jeffrey S. Allison             Jallison@houser-law.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     02/13/09                            JAS
                                          **Chambers of Judge Whyte**